**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT<br>JUDGE | August 16, 2017 | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

Laura Descioli Link
Robert T. Egan
Patrick Papalia
Archer & Greiner, PC
One Centennial Square
Haddonfield, NJ 08033
*Attorneys for Plaintiffs US Tech*
*Solutions, Inc., and Workspend, Inc.*

Robert James Basil
The Basil Law Group, P.C.
1270 Broadway, Suite 305
New York, NY 10001
*Attorney for Defendants eTeam, Inc.,*
*James Lucier, and Jennifer Hewitt*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT DENYING**
**DEFENDANTS' MOTION TO DISMISS**

    Re:    US Tech Solutions, Inc., et al. v. eTeam, Inc., et al., Civil Action No. 17-1107-SDW-LDW

Litigants:

    Before this Court is Defendants eTEAM, Inc. ("eTeam"), James Lucier ("Defendant Lucier"), and Jennifer Hewitt's ("Defendant Hewitt"), (collectively, "Defendants"), Motion to Dismiss the Amended Complaint of Plaintiffs US Tech Solutions, Inc. ("US Tech"), and Workspend, Inc. ("Workspend"), (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(7).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This Letter Opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs US Tech and Workspend are corporations in the business of temporary staffing and technology consulting. (Am. Compl. ¶¶ 18, 30.) Defendant Lucier served as US Tech's Senior Business Development Executive / Account Manager from January 2009 until 2012, when he was assigned to serve as the Executive Vice President of Workspend, a separate entity formed in 2012 to "provide comprehensive consulting and managerial services . . . ." (*Id.* ¶¶ 20-21, 28, 30-31.) Defendant Lucier was Workspend's Executive Vice President until he resigned on October 12, 2016. (*Id.* ¶ 31.) Defendant Hewitt was US Tech's Regional Vice President for the Raleigh, North Carolina area from November 2014 until she resigned in November 2015. (*Id.* ¶¶ 36, 58.) As part of their employment with Plaintiffs, Defendants Lucier and Hewitt were heavily involved in Plaintiffs' marketing and sales efforts. (*Id.* ¶¶ 28, 37, 48.) In addition, Defendants Lucier and Hewitt were subject to employment agreements which restricted the use and disclosure of Plaintiffs' confidential business information. (*Id.* ¶¶ 21-27, 38-39.)

Of particular importance to this matter are Plaintiffs' efforts to reach an agreement with non-party BMC to provide BMC with temporary placement services. Defendant Hewitt initially identified BMC as a potential client and began "an effort to get the company to retain the services of USTECH . . . ." in approximately February of 2015. (Am. Compl. ¶ 51.) After Defendant Hewitt resigned in November of 2015, Defendant Lucier "took over as the lead sales employee on the BMC deal." (*Id.* ¶¶ 58-59.) However, Defendant Lucier eventually "began to[, allegedly,]

collaborate with [Defendants] eTeam, EWSI, Hewitt, Thakur and John and Jane Does 1-10 to misappropriate Plaintiffs' trade secrets and confidential information and to misappropriate Workspend's business and prospective business, including its pending agreement with BMC . . . ." (*Id.* ¶ 67.) According to Plaintiffs, after Defendants Hewitt and Lucier resigned, they began new positions for Defendant eTeam. (*Id.* ¶¶ 81, 87.) In addition, Defendant eTeam entered the business of providing temporary staffing services and secured a contract with BMC "pursuant to which eTeam and EWSI are providing the same exact type of services to BMC that Workspend would have provided to BMC . . . ." (*Id.* ¶¶ 82, 84.) Moreover, Defendant eTeam also assigned Defendants Hewitt and Lucier to the BMC account. (*Id.* ¶ 87.) In addition to these allegations, Plaintiffs contend that Defendant Lucier stole and deleted Workspend's information from a company laptop. (*Id.* ¶¶ 68-78.)

The Amended Complaint contains ten claims, including breach of the duty of loyalty, breach of contract, and violation of the Defend Trade Secrets Act under 18 U.S.C. § 1836. (Am. Compl. ¶¶ 103-91.) Furthermore, Plaintiffs seek a permanent injunction which:

> Enjoins Defendants from soliciting, or attempting to solicit or influence, or initiating any contact with, directly or indirectly, any of Plaintiffs' current or prospective customers with whom Lucier had contact or communications or acquired information about while employed by Plaintiffs . . . .

(*Id.* at 40.)

In response to this request for injunctive relief, on March 15, 2017, Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Federal Rule of Civil Procedure 19. (Dkt. No. 30.)[1] Plaintiffs filed a brief in opposition on April 3, 2017, and Defendants filed a brief in reply on April 6, 2017.

---

[1] This Court considers this Motion together with Defendants' subsequent Motion to Dismiss filed on April 17, 2017. (Dkt. No. 35.)

3

**LEGAL STANDARD**

*Motion to Dismiss- Federal Rule of Civil Procedure 12(b)(7)*

Under Federal Rule of Civil Procedure ("Rule") 12(b)(7), a court may dismiss a complaint for failure to join a party pursuant to Rule 19. In turn, Rule 19 sets out the circumstances under which it is necessary to join an absent party and, if joinder of that party is not feasible, the factors for determining whether the absent party is indispensable to the action.

In considering a motion under Rule 12(b)(7), the court must accept the factual allegations in the complaint as true and view those allegations in the light most favorable to the non-moving party. *See Tullett Prebon, PLC v. BGC Partners, Inc.*, No. CIV.A.09-5365 (SRC), 2010 WL 2545178, at *6 (D.N.J. June 18, 2010), *aff'd,* 427 F. App'x 236 (3d Cir. 2011); *Cummings v. Allstate Ins. Co.*, No. CIV.A. 11-02691, 2011 WL 6779321, at *3 (E.D. Pa. Dec. 27, 2011). Moreover, in pursuing a Rule 12(b)(7) motion to dismiss, the moving party bears the burden of showing that the absent party is both necessary and indispensable under Rule 19. *Disabled in Action v. Se. Pa. Transp. Auth.,* 635 F.3d 87, 97 (3d Cir. 2011).

Determining whether an absent party is indispensable is a two-step process. "A court 'first must determine whether the absent [parties] should be joined as 'necessary' parties under Rule 19(a). If they should be joined, but their joinder is not feasible inasmuch as it would defeat diversity of citizenship . . . , [a court] next must determine whether the absent parties are 'indispensable' under Rule 19(b).'" *Downs v. Andrews*, 639 F. App'x 816, 822 (3d Cir. 2016) (quoting *Gen. Refractories Co. v. First State Ins. Co.,* 500 F.3d 306, 312 (3d Cir. 2007)).

**DISCUSSION**

As discussed above, Plaintiffs seek to enjoin Defendants from:

> soliciting, or attempting to solicit or influence, or initiating any contact with, directly or indirectly, any of Plaintiffs' current or prospective customers with whom Lucier had contact or communications or acquired information about while employed by Plaintiffs . . . .

(Am. Compl. at 40.) In filing their Motion pursuant to Rule 12(b)(7), Defendants contend that these current or prospective customers (the "Absent Parties") are necessary and indispensable to this matter under Rule 19. (*See generally* Defs.' Br. Supp.) Accordingly, Defendants ask that this Court enter an Order (1) staying this matter, (2) directing Plaintiffs to identify the Absent Parties, (3) directing Plaintiffs to seek joinder of the Absent Parties, and (4) permitting Defendants to file a subsequent motion pursuant to Rule 12(b)(7). (*See* Defs.' Br. Supp. at 7; Dkt. No. 30-2 at 1-2.) Defendants also request that Plaintiffs' Amended Complaint be dismissed should Plaintiffs fail to seek joinder of the Absent Parties within a reasonable time. (*See* Defs.' Br. Supp. at 7.) For the reasons that follow, Defendants' Motion will be denied.

The first step in determining whether an absent party must be joined to an action under Rule 19 is to determine whether that absent party is a required party under Rule 19(a)(1). Rule 19(a)(1) provides:

> **(a) Persons Required to Be Joined if Feasible.**
>
> **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In this instance, Defendants contend only that the Absent Parties are required parties under Rule 19(a)(1)(B)(i).[2] *See* (Defs.' Br. Reply. at 6 ("Defendants have sought relief only under Rule19(a)(1)(B).) Specifically, Defendants assert that should Plaintiffs' request for injunctive relief be granted, the Absent Parties "will be barred from continuing to do business with Defendants, or from receiving solicitations from and doing business with them . . . ." (Defs.' Br. Supp. at 5-6.) Accordingly, Defendants submit that disposing of this action without joining the Absent Parties will, "impair or impede [the Absent Parties'] ability to exercise their right to do business with Defendants if they so choose." (*Id.*) Nonetheless, Defendants fail to satisfy their burden under Rule 12(b)(7) on a number of bases.

First, with the exception of BMC, Defendants have not sufficiently identified the Absent Parties. Instead, Defendants seek an order directing Plaintiffs to identify the Absent Parties. (*See* Dkt. No. 30-2.) However, this request improperly shifts the burden of proof to Plaintiffs from Defendants who, as the moving parties, must show that the Absent Parties are necessary and indispensable to this action. *See Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 1038658, at *5 (S.D. Tex. Mar. 27, 2012) (holding that a movant" fail[ed] to meet its burden of proof because it fail[ed] even to identify or name the purported indispensable parties, no less present any evidence in support of its motion."); *In re Stat-Tech Sec. Litig.*, 905 F. Supp. 1416, 1421 (D. Colo. 1995).

Second, as outlined above, Rule 19(a)(1)(B) provides that, if feasible, an absent party must be joined to an action when "*that person claims an interest* relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter

---

[2] Although Defendants explicitly limit their argument to Rule 19(a)(1)(B), they do not raise an argument under Rule 19(a)(1)(B)(ii).

impair or impede the person's ability to protect the interest . . . ." (emphasis added). Although Defendants do argue that disposing of this matter without the Absent Parties will impair or impede an interest of the Absent Parties, Defendants ignore the "claimed interest" clause of Rule 19. *See Ward v. Apple Inc.*, 791 F.3d 1041, 1048 (9th Cir. 2015) ("According to Rule 19's text, two conditions must be satisfied for a party to qualify as a 'required party' under Rule 19(a)(1)(B). First, the party must 'claim[ ] an interest relating to the subject of the action.' Second, the party must be 'so situated that disposing of the action in the person's absence' may have one of the two consequences enumerated in Rule 19(a)(1)(B)(i) and (a)(1)(B)(ii)." (citations omitted)). In addition to failing to adequately identify the Absent Parties, Defendants do not contend that the Absent Parties *claim* and interest in this litigation, just that they *have* an interest. (*See* Defs.' Br. Supp. at 5 ("Each of the [Absent Parties] has a substantial interest relating to the subject of this action . . . ."); *see also U.S. for Use & Ben. of Special-Lite, Inc. v. Republic W. Sur. Co.*, No. CIV. A. 97-7400, 1998 WL 299674, at *3 (E.D. Pa. May 20, 1998) ("Defendant, who has the burden of showing that Town Supply is a necessary party, does not contend that Town Supply *claims* an interest in this litigation, merely that it *has* an interest."); *Incubadora Mexicana, SA de CV v. Zoetis, Inc.*, 310 F.R.D. 166, 171–72 (E.D. Pa. 2015) ("With respect to subsection (a)(1)(B)(i), [movants] have failed to show that the absent . . . entities in fact 'claim an interest' in the subject of this litigation such that their interests need protecting."). Moreover, with regard to BMC – the only Absent Party Defendants actually name in their Motion – it is on notice of this action but is not currently seeking to intervene and has not otherwise claimed any interest in the subject matter of this litigation. (*See* Dkt. No. 25.)

Third, Plaintiffs contend that disposing of this action without joining the Absent Parties will not, as a practical matter, impair or impede the Absent Parties' ability to protect their interests

because Defendants will adequately represent those interests. (Pls.' Br. Opp. at 13.); *see also Owens-Illinois, Inc. v. LakeShore Land Co., Inc.*, 610 F.2d 1185, 1191 (3d Cir. 1979) ("The fact that the absent person may be affected by the judgment does not of itself require his joinder if his interests are fully represented by parties present."). Defendants neither respond to this argument nor offer any reason to believe that their interests are not in alignment with those of the Absent Parties. Moreover, Defendants and the Absent Parties would presumably, under Defendants' framing of the issues, oppose any injunctive relief that would interfere with their current or future business interaction. Accordingly, Defendants have failed to satisfy their burden to establish that disposing of this matter without the Absent Parties would impede or impair the Absent Parties' interests as a practical matter.[3]

Finally, it bears noting that even had Defendants established that the Absent Parties are required parties under Rule 19(a), Defendants make only a conclusory argument regarding the Rule 19(b) requirements. (Defs.' Br. Supp. at 6-7.) Defendants do not argue that joinder would not be feasible and, in fact, concede that joining the Absent Parties "will not affect the subject matter jurisdiction of this Court . . . ." (*Id*. at 6.) Accordingly, even if this Court found that the

---

[3] As Defendants have not established that the Absent Parties are necessary under Rule 19(a), this Court need not address whether the Absent Parties are indispensable. *See In-Tech Mktg. Inc. v. Hasbro, Inc.*, 685 F. Supp. 436, 438 (D.N.J. 1988) ("Only if a person is deemed 'necessary' under Rule 19(a), must the court undertake the second step of the analysis.")

Absent Parties were required parties under Rule 19(a), dismissal of Plaintiffs' Amended Complaint would be inappropriate.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. An appropriate Order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
           Parties